IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| For The Use And Benefit Of | § | |
| FROST & KEELING | § | |
| ASSOCS., INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-cv-411 |
| | § | |
| WHITESELL-GREEN, INC. & | § | |
| FEDERAL INSURANCE | § | |
| COMPANY | § | |
| *Defendants.* | § | |

## COMPLAINT

Now comes Use-Plaintiff, Frost & Keeling Assocs., Inc., by and through the undersigned attorneys and alleges as follows:

### NATURE OF THE ACTION

1.      This action is brought by FROST & KEELING ASSOCS., INC. ("FROST & KEELING"), to recover monies due and owing from WHITESELL-GREEN, INC ("WHITESELL") and FEDERAL INSURANCE COMPANY ("FEDERAL"), relating to unpaid services, labor and materials furnished to Whitesell for plumbing, mechanical, and other construction work and services on the 21000 Block Rolling Pin Barracks, Fort Hood, Texas, the 41000 Block Rolling Pin Barracks, Fort Hood, Texas, and the 37000 Block Rolling Pin Barracks, Fort Hood, Texas" (collectively "Rolling Pin Barracks") Project located in Fort Hood, Texas, believed to be federal projects, contract number W9126G-14-D-0047, including Task Orders W9126G17F0135, W9126G18F0035 and W9126G18F0183.  Count I of this action is brought by Frost & Keeling against Whitesell to recover damages for breach of contract, including attorney's fees.  Count II of this action is brought by Frost & Keeling against Whitesell to recover the value of benefits conferred by Frost &

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y

Keeling to Whitesell on a *quantum meruit* basis. Included with the foregoing Counts, is an action against

Whitesell for violation of the *United States Prompt Payment Act,* 31 U.S.C. Ch. 39 and Prompt Payment

for Construction Contracts Federal Acquisition Regulation 52.232-27. Count III of this action is

brought by Frost & Keeling for payment as Use-Plaintiff under the *United States Miller Act,* 40 U.S.C.

§§ 3131*, et seq.* on the Payment Bond provided by Federal and Whitesell.

## PARTIES

2.      The Plaintiff, Frost & Keeling Assocs., Inc., is a Texas corporation in good standing.

3.      Defendant, Whitesell-Green, Inc., is a Florida corporation that may be served with

summons by serving its registered agent, Incorp Services, Inc., at 815 Brazos, Suite 500, Austin, Texas

78701-0000.

4.      Defendant, Federal Insurance Company, may be served with summons by serving its

registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

## JURISDICTION

5.      Jurisdiction is conferred upon this Court by the *Miller Act, 40 U.S.C. § 3131, et seq.*

6.      Venue for this action properly rests in the Western District of Texas, Waco Division,

under the *Miller Act, 40 U.S.C. § 3131*, providing venue in the United States District Court for the

District in which the contract was performed. Rolling Pin Barracks, Block 41000 and 21000 are

located within the Fort Hood Military Reservation.

## COUNT I
## BREACH OF CONTRACT

7.      Prior to the agreements between Frost & Keeling and Whitesell, Frost & Keeling

alleges that the United States of America and the Defendant, Whitesell, entered into a written contract

whereby Whitesell agreed to perform certain construction work described in a written agreement for

the construction, reconstruction, or improvements to the Rolling Pin Barracks, believed to be federal

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y

projects, contract number W9126G-14-D-0047, including Task Orders W9126G17F0135,

W9126G18F0035 and W9126G18F0183, hereinafter called "the Project."

**Four Subcontracts Between Frost & Keeling and Whitesell**

8.      Whitesell hired Frost & Keeling as a subcontractor for work encompassed within

Whitesell's agreement with the United States of America.  Frost & Keeling and Whitesell entered into

four subcontracts for work on the Rolling Pin Barracks Project:

      a.      On or about July 13, 2018, Whitesell and Frost & Keeling entered into a Subcontract for Frost & Keeling to perform all HVAC work on the 21000 Block Rolling Pin Barracks, Ft. Hood, Texas for a lump sum price ("21000 Mechanical Subcontract").  A true and correct copy of the 21000 Mechanical Subcontract is attached hereto as **Exhibit 1** and incorporated by reference.

      b.      On or about July 13, 2018, Whitesell and Frost & Keeling entered into a Subcontract for Frost & Keeling to perform all plumbing work on the 21000 Block Rolling Pin Barracks, Ft. Hood, Texas for a lump sum price ("21000 Plumbing Subcontract").  A true and correct copy of the 21000 Plumbing Subcontract is attached hereto as **Exhibit 2** and incorporated by reference.

      c.      On or about, August, 29, 2018, Whitesell and Frost & Keeling entered into a Subcontract to perform all HVAC work on the 41000 Block Rolling Pin Barracks, Ft. Hood, Texas for a lump sum price ("41000 Mechanical Subcontract").  A true and correct copy of the 41000 Mechanical Subcontract is attached hereto as **Exhibit 3** and incorporated by reference.

      d.      On or about August 29, 2018, Whitesell and Frost & Keeling entered into a Subcontract to perform all plumbing work on the 41000 Block Rolling Pin Barracks, Ft. Hood, Texas for a lump sum price ("41000 Plumbing Subcontract").  A true and correct copy of the 41000 Plumbing Subcontract is attached hereto as **Exhibit 4** and incorporated by reference.

**The 21000 Subcontracts**

9.      The scope of work of the 21000 Mechanical Subcontract (Exhibit 1) included: the

installation of new HVAC equipment; new mechanical piping and insulation; new mechanical

ductwork and duct insulation; new building automation system controls; penetrations for mechanical

piping and duct work; fire dampers; and the addition of copper risers.

10.     The scope of the 21000 Plumbing Subcontract (Exhibit 2) included:  the installation of new plumbing equipment and fixtures; new plumbing piping and piping insulation; new water meters; and new penetrations for piping and venting.

11.     Frost & Keeling performed all work in compliance, or substantial compliance, with the 21000 Subcontracts.

12.     Despite performing all work under the 21000 Subcontracts, Whitesell failed to make payments to Frost & Keeling for amounts owed under the 21000 Mechanical Subcontract for Payment Application 13, Payment Application 14, Payment Application 15, Payment Application 16, Payment Application 17, and Payment Application 18.  Whitesell also only made partial payment on the amount due in Payment Application 12.

13.     Whitesell also failed to make payments to Frost & Keeling for amounts owed under the 21000 Plumbing Subcontract for Payment Application 11, Payment Application 12, Payment Application 13, Payment Application 14, Payment Application 15, and Payment Application 16. Whitesell also only made partial payment on the amount due in Payment Application 10.

14.     In addition to Whitesell's complete failure to make the above referenced payments, all payments which Whitesell did submit were significantly past due and were not paid in accordance with the subcontract provisions and in violation of the Prompt Pay Act and Federal Acquisition Regulations.

15.     To date, the principal sum owed under the 21000 Subcontracts totals $415,104.15

16.     Whitesell's failure to pay Frost & Keeling in full for its work in accordance with the contract documents is a breach of the respective Subcontracts.  Such breach has caused injury to Frost & Keeling and is expected to cause further injury to Frost & Keeling in the future.

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y

**The 41000 Subcontracts**

17.     The scope of work of the 41000 Mechanical Subcontract (Exhibit 3) included: the installation of new HVAC equipment; new mechanical piping and insulation; new mechanical ductwork and duct insulation; new building automation system controls; penetrations for mechanical piping and duct work; fire dampers, and the addition of copper risers.

18.     The scope of the 41000 Plumbing Subcontract (Exhibit 4) included:  the installation of new plumbing equipment and fixtures; new plumbing piping and piping insulation; new water meters; and new penetrations for piping and venting.

19.     Frost & Keeling performed all work in compliance, or in substantial compliance, with the 41000 Subcontracts.

20.     Despite performing all work under the 41000 Subcontracts, Whitesell failed to make payments to Frost & Keeling for amounts owed under the 41000 Mechanical Subcontract for Payment Application 14, Payment Application 15, Payment Application 16, and Payment Application 17.  Whitesell also only made partial payment in Payment Application 13.

21.     Whitesell also failed to make payments to Frost & Keeling for amounts owed under the 41000 Plumbing Subcontract for Payment Application 9, Payment Application 10, Payment Application 11, Payment Application 12, Payment Application 13, Payment Application 14, and Payment Application 15.  Whitesell also only made partial payment in Payment Application 8.

22.     To date, the principal sum owed under the 41000 Subcontracts total $524,518.51.

23.     In addition to Whitesell's complete failure to make the above referenced payments, all payments which Whitesell did submit were significantly past due and in violation of the Prompt Pay Act and Federal Acquisition Regulations.

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y

24.     Whitesell's failure to pay Frost & Keeling in full for its work in accordance with the contract documents is a breach of the respective Subcontracts.  Such breach has caused injury to Frost & Keeling and is expected to cause further injury to Frost & Keeling in the future.

**Profit Sharing Agreement and Cost Saving Split Agreement**

25.     In addition to the above contracts, Frost & Keeling had both a profit sharing agreement ("profit agreement") and a cost saving split agreement ("split agreement") with Whitesell. The profit agreement arose out of helping Whitesell bid and win the Ft. Hood projects.  Under the agreement, Whitesell would pay Frost & Keeling 10% of the net profits excluding cost savings created later by Frost & Keeling.  The split agreement arose out of the bid pricing for plumbing work submitted by competing subcontractors for the 21000, 41000 and 37000 blocks of Rolling Pin Barracks, and carried in Whitesell's contract award amounts.  Upon review of competing bids, Frost & Keeling offered that it could perform and manage the same work for significantly less than what was carried in the original bids.  Therefore, Frost & Keeling proposed to perform and manage the work at a lower price in return for a share in the cost savings Whitesell would enjoy as a result.  Frost & Keeling offered increased cost savings for the 37000 block of Rolling Pin Barracks by identifying, qualifying, detailing scopes of work and securing pricing for a replacement subcontractor to perform the mechanical and plumbing work on the project.  The split agreement contemplated that Whitesell and Frost & Keeling would split, 50/50, the amount Whitesell saved on the plumbing and mechanical work when compared to the pricing carried by Whitesell in its bids.

26.     Thereafter, the parties engaged in a course of conduct and numerous communications which memorialized the agreements.  The total cost savings on the Projects would be $4,853,822.67. Therefore, the amount owed to Frost & Keeling is $2,426,911.33 plus an estimated amount of $429,273.20 for 10% of the net profits of all three (3) projects.  Frost & Keeling fully performed its part of the agreement and saved Whitesell millions of dollars.  Despite such performance, Frost &

Keeling has not received any money from Whitesell despite a contract with Whitesell to pay Frost & Keeling the 10% of the project net profits and the 50% of the amount saved from the competing bids.

**Attempts to Resolve**

27.     Frost & Keeling made numerous attempts to resolve this matter with Defendant, Whitesell, to no avail.  Each request for a meeting was ignored by Whitesell.  In prior correspondence, Whitesell was invited to submit any dispute it may have to the outstanding balances via a proposed meeting between the parties.  Whitesell has continually avoided its payment obligations and failed to submit a good faith dispute regarding the outstanding balance despite the terms of the contract, thereby leaving Frost & Keeling no other option but to file this complaint.

**Delay**

28.     In addition to the above referenced breaches, Whitesell's actions throughout the Project have caused significant delays.  An analysis of available Project records reveals a pattern of delays related to design, out of sequence work and subsequent manipulation of the Project schedule by Whitesell.  Although responsible, Whitesell hid the true cause of the delays and set the stage for constructive acceleration of the work on the Project.  Whitesell further failed to secure time extensions for design related delays and subsequently made matters worse by issuing unjustified cure notices to Frost & Keeling.

**COUNT II**
**QUANTUM MERUIT**

29.     In the alternative, Frost & Keeling would show that Frost & Keeling's above-described services, labor and materials were furnished for the benefit of Whitesell, either at its specific direct request or with its knowledge and consent.  Whitesell accepted and received said services, labor, and materials with knowledge that Plaintiff Frost & Keeling expected compensation from Whitesell.

30.     Plaintiff, Frost & Keeling's, services, labor, and materials benefited Whitesell, and the reasonable value of the services, labor and materials furnished to Whitesell by Frost & Keeling, which

remains unpaid as of this date, exceeds nine hundred and thirty nine thousand six hundred twenty two dollars and sixty six cents ($939,622.66).

31.     Frost & Keeling demands judgment against Whitesell for the reasonable value of its services, labor, and materials, plus applicable statutory, contractual and Contract Disputes Act interest, costs and attorney's fees pursuant to Texas Civil Practices and Remedies Code § 38.001 et seq., Tex. Property Code Ch. 28, and the parties' contracts.  Frost & Keeling has agreed to pay the undersigned attorneys a reasonable fee for the services and therefore seeks to recover such amounts from Whitesell for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal.

**COUNT III**
**MILLER ACT**

32.     Pursuant to 40 U.S.C. §§ 3130, et seq. Federal and Whitesell furnished performance and payment bonds to the United States of America wherein Whitesell, as principal, and Federal, as surety, bound themselves jointly and severally for the protection of all persons supplying services, labor, and material in the performance of the work on the Project.

33.     Frost & Keeling supplied services, labor and material at the request of and by virtue of its agreements with Defendant, Whitesell.  After allowing appropriate credits and offsets, there remains unpaid to Frost & Keeling a minimum amount of nine hundred and thirty nine thousand six hundred twenty two dollars and sixty six cents ($939,622.66), not including the monies due pursuant to the cost saving split agreement and net profit agreement, at the time of the institution of this suit.

34.     The Defendant, Whitesell, has failed and refused to pay to the Use-Plaintiff, Frost & Keeling, all amounts due, before the expiration of a period of ninety (90) days after the day on which the last of the services, labor, and material were furnished or supplied by Frost & Keeling, for which claim is hereby made.

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y

35.    The contract between Whitesell and the United States was to be performed at the Fort Hood Military Reservation and all of the services, labor and material was supplied by Frost & Keeling in Fort Hood and within the Western District of Texas, Waco Division.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

36.    Plaintiff, Frost & Keeling, asserts its rights under the Seventh Amendment of the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## CONCLUSION

WHEREFORE, Frost & Keeling Assocs., Inc. demands judgment against Defendants, Whitesell-Green, Inc. and Federal Insurance Company, jointly and severally, in the amount of its actual damages, plus applicable statutory, contractual and/or Contract Disputes Act interest, costs, attorney's fees, and for all other relief to which Frost & Keeling is entitled.

Respectfully submitted,

COKINOS │YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
(210) 293-8700 - Telephone
(210) 293-8733 – Facsimile

By:    /s/ Stephanie O'Rourke
STEPHANIE L. O'ROURKE
State Bar No. 15310800
Sorourke@cokinoslaw.com
STANLEY W. CURRY
State Bar No. 05274000
scurry@cokinoslaw.com

https://vault.netvoyage.com/neWeb2/goId.aspx?id=4828-6459-6669&open=Y